# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT LEROY BINGHAM JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-33-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Robert Leroy Bingham, Jr. requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born January 28, 1964, and was forty-eight years old at the time of the administrative hearing (Tr. 549). He has a general equivalency diploma (GED), some college, and specialized training in law enforcement and computers and has past relevant work as a computer repairer, sales representative for a uniform company, dispatcher, and security guard (Tr. 550-554, 564). The claimant alleges that he has been unable to work since July 15, 2006, because of nerve damage in his back, arthritis in his neck, back bone spur, depression, and post-traumatic stress disorder (Tr. 149).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 9, 2007. His applications were denied. ALJ Glenn A. Neel held an administrative hearing and found that the claimant was not disabled in a written opinion dated December 14, 2009 (Tr. 14-24). The Appeals Council denied review, but this Court reversed the ALJ's opinion in Case No. CIV-10-387-SPS, and remanded to the Commissioner for further proceedings on March 28, 2012 (Tr. 664-675). While his first applications were pending, the claimant filed new applications on December 23, 2009 (Tr. 1074-1079, 1080-1083). ALJ Osly F. Deramus held an administrative hearing and found that the claimant was not disabled in a written opinion dated April 25, 2011 (Tr. 724-735). The claimant filed written exceptions to the ALJ's April 25, 2011 decision and the Appeals Council vacated both the December 14, 2009 and the April 25, 2011 ALJ decisions, consolidated the claims,

and remanded to the Commissioner for further proceedings (Tr. 641-644). ALJ Doug Gabbard, II held an administrative hearing and found that the claimant was not disabled in a written opinion dated November 20, 2013 (Tr. 1166-1188). The claimant did not file written exceptions to the Appeals Council challenging the ALJ's November 20, 2013 decision, so the ALJ's November 2013 opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.984(d), 416.1484(d).

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, he could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk about six hours during an eight-hour work day, and sit for about six hours in an eight hour work day. The claimant could perform semi-skilled work (defined as work which requires some detailed skills but does not require doing more complex work duties) where interpersonal contact with supervisors and co-workers is on a superficial work basis, he have no contact with the general public, and he is not required to work at assembly line speeds (Tr. 1173). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as a security guard (Tr. 1186). Alternatively, the ALJ found that there was other work the claimant could perform, *i. e.*, file clerk and administrative clerk (Tr. 1187).

## Review

The claimant contends that the ALJ erred by: (i) finding he could perform his past relevant work as a security guard, and (ii) by finding there were other jobs he could perform. The Court finds these contentions unpersuasive, and the Commissioner's decision should therefore be affirmed.

At the administrative hearing, the ALJ asked the VE if she understood that if her testimony differed from the Dictionary of Occupational Titles ("DOT") she needed to advise him and tell him why (Tr. 570). She replied that she understood. The ALJ then asked the VE to identify the claimant's past relevant work, which she described as a computer repairer, DICOT § 828.261-022; security guard, DICOT § 372.667-034; security manager, DICOT § 376.137-010; dispatcher, DICOT § 249.167-014; delivery driver, DICOT § 292.353-010; and sales representative for uniforms, DICOT § 261.357-034 (Tr. 571). The ALJ then asked whether an individual with the age, education and work history of the claimant who could perform light, semi-skilled work (work which requires some detail skills, but does not require doing more complex duties) where contact with supervisors and co-workers is on a superficial basis, has no contact with the general public, and is not required to work at assembly line speeds could return to the claimant's past work and the VE initially testified that such a person could perform claimant's past relevant work as a security guard (Tr. 572). However, the VE later recanted her testimony and stated the hypothetical individual could not perform any of the claimant's past relevant work (Tr. 575). The ALJ then asked whether there were some other jobs such a person could perform. The VE responded that such a hypothetical

5

person could perform other jobs, *e. g.*, file clerk, DICOT § 206.387-034, and administrative clerk, DICOT § 219.362-010 (Tr. 572). As to the administrative clerk job, she testified she would reduce the number of jobs in the economy by half, from 800,000 nationally and 8,000 in Oklahoma, because of the public contact restriction in the proposed RFC (Tr. 572). The ALJ then directly relied on this testimony to find that the claimant was not disabled because there was work he could perform at step five.

The claimant correctly contends that the ALJ erroneously determined the claimant could return to his past relevant work based on the VE's recanted testimony. However, such error was harmless since, as described below, the ALJ made alternative findings at step five that there was other work the claimant could perform, *i. e.*, file clerk and administrative clerk (Tr. 1187). *See Stokes v. Astrue,* 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform a job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion].

The claimant further contends that the ALJ erroneously determined there were other jobs he could perform in the national economy, but this is not borne out by the evidence. Once the claimant shows he cannot return to his past relevant work, the "burden of going forward shifts to the Secretary, who must show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984). An ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial

of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment." *Qualls v. Apfel,* 206 F.3d 1368, 1373 (10th Cir. 2000), *citing Gay v. Sullivan,* 986 F.2d 1336, 1341 (10th Cir. 1993). Here, the ALJ found at step four that the claimant should have interpersonal contact with supervisors and co-workers on a superficial work basis, should have no contact with the general public, and should not work at assembly line speeds (Tr. 1173), and included those limitations in hypothetical questions to the VE (Tr. 571-572). The VE responded that the claimant could perform the jobs of file clerk and administrative clerk, and specifically stated she would reduce the number of administrative clerk jobs in half to account for limitation on public contact (Tr. 572). According to the DOT, the job of file clerk is commensurate with these limitations. *See* DICOT § 206.387-034. Although the DOT indicates that the job of administrative clerk requires recording orders for merchandise or service, giving information to and interviewing customers and claimants, and may require greeting and assisting visitors, *see* DICOT § 219.362-010, the VE properly testified that in her opinion such a limitation would decrease the available administrative clerk jobs by fifty percent, but that there would remain fifty percent of those jobs, even with the limitation of no public contact. Although "the ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability," *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999), here the ALJ did so, and the VE made the appropriate explanation for the discrepancy. However, even if the administrative clerk position were eliminated, the claimant is able to perform the job of file clerk, which

7

exists in significant numbers. *See Stokes*, 274 Fed. Appx. At 684 (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion].

In sum, the ALJ analyzed the claimant's RFC, verified that the VE understood that she needed to advise the ALJ of any conflicts between her testimony and the DOT, posed proper hypothetical questions incorporating the RFC to the VE, and thus properly relied on that testimony to determine that the claimant could perform work and was accordingly not disabled. *See Qualls,* 206 F.3d at 1373 (noting that an ALJ's hypothetical questioning of a VE will provide an appropriate basis for a denial of benefits where the questions "included all the limitations the ALJ ultimately included in his RFC assessment."), *citing Gay,* 986 F.2d at 1341. Consequently the decision of the Commissioner must be affirmed.

## Conclusion

In summary, the Court finds that correct legal standards were applied, and that the decision of the Commissioner is supported by substantial evidence. The Commissioner's decision is therefore hereby AFFIRMED.

**DATED** this 31st day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**